IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

REUBEN J. INGRAM III,            )
                                 )
            Petitioner,          )
                                 )
                                 )    No. CIV-16-316-D
v.                               )
                                 )
JOE M. ALLBAUGH, Interim Director,)
                                 )
            Respondent.          )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Trafficking in Illegal Drugs entered against him in the District Court of Oklahoma County, Case No. CF-2012-1744. Respondent has responded to the Petition and filed the relevant state court records, and Petitioner has replied to the Response.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

As a result of recorded telephone conversations made by Petitioner to his girlfriend, Ms. Walker, and her mother while he was being detained in the Oklahoma County Detention Center, law enforcement officials obtained a search warrant for a residence in Oklahoma

---

[1] The pertinent pages from the transcript of Petitioner's trial are hereinafter identified as "TR vol. __, at ___."

1

City. During the execution of the search warrant, law enforcement officials recovered a large quantity of crack cocaine, a digital scale, and evidence linking Petitioner to the controlled substances. Based on this evidence and the telephone recordings, Petitioner was charged with the offense of Trafficking in Illegal Drugs.

Petitioner was convicted of the offense following a jury trial conducted in the District Court of Oklahoma County on January 27-30, 2014. Prior to trial, Petitioner's court-appointed counsel moved to suppress the evidence obtained in the search on the grounds that the warrant lacked the requisite particularity and there was no probable cause to support the search warrant. Petitioner's counsel also argued that the information filed in the case should be quashed because it lacked sufficient grounds in that it did not demonstrate Petitioner had possession or constructive possession of the drugs found in the residence. These motions were denied.

During the trial, a detective with the Oklahoma City Police Department testified concerning the search warrant and the evidence obtained during the search, which included seven plastic bags containing crack cocaine discovered in a wooden box in a bedroom of the residence, another rock of crack cocaine and a set of digital scales found in a dresser in the same bedroom, a white shoe box containing cash, a wallet containing an identification card bearing Petitioner's name, a receipt and a certificate bearing Petitioner's name, and a cable bill bearing Petitioner's name. According to the officer's testimony, an appointment card and a letter discovered in the residence bore Ms. Walker's name.

An administrator of the Oklahoma County Sheriff's Department testified that he

2

reviewed the telephone logs of outgoing calls made by Petitioner and that Petitioner had made two telephone calls to Ms. Walker and one call to Ms. Walker's mother. The administrator testified that detainees are routinely advised, both verbally at the beginning of each phone call and in writing, that every telephone call made from the jail is subject to being recorded. These recorded telephone calls were admitted into evidence during the trial.

An Oklahoma City police officer testified that during these recorded conversations Petitioner admitted ownership of the drugs found in the residence and told Ms. Walker he would teach her over the telephone how to make crack cocaine from powder cocaine. The officer also testified that during these conversations Petitioner advised Ms. Walker to put the drugs in a better spot, to hide some money that was in a shoe box, and that he wanted to continue to sell drugs and to collect from people who owed him money. The officer testified that he obtained a search warrant based on the incriminating statements made by Petitioner in these telephone recordings. A forensic chemist with the Oklahoma City Police Department testified concerning the quantity of crack cocaine recovered during the search. The chemist also testified that residue on the digital scales recovered in the search tested positive for crack cocaine.

In a second stage proceeding, the jury found that Petitioner had committed the offense after multiple prior felony convictions. On March 19, 2014, Petitioner was sentenced, consistent with the jury's recommendation, to a 30-year term of imprisonment.

On appeal, Petitioner argued in his first proposition that the evidence obtained in the warrantless search and seizure of Petitioner's telephone calls made in the Oklahoma County

Detention Center should have been suppressed as the search and seizure violated Oklahoma's Security of Communications Act, the Fourth Amendment, and the Oklahoma Constitution. In his second proposition, Petitioner asserted that his trial counsel provided constitutionally ineffective assistance under the United States and Oklahoma Constitutions by failing to object to the warrantless search of Petitioner's telephone calls and by failing to object to the admission of evidence obtained pursuant to the search warrant based on statements made during the telephone calls.

In his third proposition, Petitioner argued that the prosecution failed to present sufficient evidence that he had constructive possession of the drugs seized by police during the search of someone else's home while he was confined in the Oklahoma County Detention Center. In his fourth ground, Petitioner asserted that the trial court erred in denying his motion to suppress based on the lack of probable cause to support the search warrant and the lack of requisite particularity in the description of the items to be searched set forth in the search warrant. In his fifth and last proposition, Petitioner asserted that cumulative trial errors and prosecutorial misconduct denied him due process under the United States and Oklahoma Constitutions. The State argued in opposition to each of these propositions.

In a summary opinion entered April 30, 2015, the Oklahoma Court of Criminal Appeals ("OCCA") addressed and rejected each of these propositions and affirmed Petitioner's conviction and sentence.

II. Petition

In his Petition filed April 4, 2016, Petitioner asserts the same five grounds for relief

that he asserted in his direct appeal.

III. Standard of Review of Federal Constitutional Claims

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant habeas relief with respect to a state prisoner's constitutional claim that was adjudicated on its merits in state court proceedings unless the (1) state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652

5

(2004)(*per curiam*)(citations omitted). See Cullen v. Pinholster, 563 U.S. 170, 181 (2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Further, state-court findings of fact are presumed correct and entitled to deference. 28 U.S.C. § 2254(e)(1).

IV. Application of Stone v. Powell to Fourth Amendment Claims

In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court addressed the issue of whether state prisoners may assert a Fourth Amendment search-and-seizure claim in a federal habeas proceeding. The Court reasoned that the purpose of the Fourth Amendment's exclusionary rule was "to discourage law enforcement officials from violating the Fourth Amendment by removing the incentive to disregard it," and that this goal would not be enhanced "if there were the further risk that a conviction obtained in state court and affirmed on direct review might be overturned in collateral proceedings often occurring years after the incarceration of the defendant." Powell, 428 U.S. at 492-493. Further, the Supreme Court found that any benefit from allowing habeas review of a search-and-seizure claim would be outweighed by the costs to other values promoted by the criminal justice system. Id. at 493-494. Thus, the Court concluded that where a state has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," a state prisoner may not obtain habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. Id. at 494.

The "opportunity for full and fair consideration" portion of the Stone principle "includes, but is not limited to, the procedural opportunity to raise or otherwise present a

6

Fourth Amendment claim." Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978). "It also includes the full and fair evidentiary hearing contemplated by Townsend [ v. Sain, 372 U.S. 293 (1963)]. Furthermore, it contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards." Id.

Considering the record of Petitioner's trial and appellate proceeding, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. The trial court held a pretrial hearing concerning Petitioner's motion to suppress, which was not based on the telephone recordings but on the validity of the search warrant itself. The decision of the trial court regarding the validity of the search warrant and the admissibility of evidence garnered from the search reflects a colorable application of pertinent Fourth Amendment precedent.

On appeal, Petitioner argued that the "search and seizure of phone calls" made by Petitioner from jail violated Fourth Amendment guarantees. Response, Ex. 1, at 4. Petitioner also argued, as he did before trial, that the search warrant lacked the requisite specificity and was not supported by sufficient probable cause. The OCCA reviewed Petitioner's claims of Fourth Amendment violations and found that the information obtained from the telephone conversations did not violate the Fourth Amendment and that the admission of evidence obtained as a result of the search was properly admitted during the trial. In making its determination, the OCCA applied pertinent Supreme Court jurisprudence by reference to its previous decisions discussing the appropriate constitutional analysis for analogous claims of Fourth Amendment violations. Response, Ex. 3, at 2 (citing State v. Marcum, 319 P.3d 681, 683 (Okla. Crim. App. 2014), and K.F. v. State, 797 P.2d 1006, 1007 (Okla. Crim. App.

1990)). The OCCA specifically found that "[a]ny expectation of privacy [Petitioner] had in his outbound calls from jail is not objectively reasonable and thus the Fourth Amendment and its requirements are not triggered by the routine recording of such calls." Response, Ex. 3, at 3. The OCCA further found that "[t]he district court did not err in denying [Petitioner's] motion to suppress based on [Petitioner's] complaint that the search warrant lacked probable cause and the requisite particularity." Response, Ex. 3, at 4 (citing Marshall v. State, 232 P.3d 467, 479 (Okla. Crim. App. 2010)). Accordingly, under Stone, Petitioner is barred from relitigating his Fourth Amendment claims in grounds one and four of the Petition in this habeas proceeding, and Petitioner is not entitled to habeas relief concerning these claims.

V. State Law Errors

In ground one of the Petition, Petitioner alleges that the introduction of evidence obtained as a result of the search and seizure of his recorded telephone conversations violated Oklahoma's Security of Communications Act, Okla. Stat. tit. 13, § 176.4(4), and Oklahoma's Constitution. In ground four of the Petition, Petitioner alleges that the admission of evidence obtained in the search violated his rights under Oklahoma's Constitution. These claims allege violations of state law that are not cognizable in this federal habeas proceeding. See, e.g., Mabry v. Johnson, 467 U.S. 504, 507 (1984)(federal writ of habeas corpus reaches only convictions obtained in violation of the United States Constitution, laws, or treaties); Pulley v. Harris, 465 U.S. 37, 41 (1984)(same); Smith v. Phillips, 455 U.S. 209, 221 (1982)(same); Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir. 1979)(same). Accordingly, Petitioner is not entitled to habeas relief concerning his claims in grounds one and four of state law violations.

8

## VI. Ineffective Assistance of Counsel

Petitioner contends in his second ground for habeas relief that his trial counsel provided constitutionally ineffective assistance when he failed to object to the admission into evidence of Petitioner's recorded telephone conversations and the evidence seized as a result of the search warrant obtained based on statements made during the telephone recordings. The OCCA addressed the merits of this claim and held that Petitioner "cannot show any prejudice from defense counsel's failure to object to the admission of the recordings of his outbound jail telephone calls and the evidence seized pursuant to the search warrant because these telephone conversations were legally recorded and the evidence from the search warrant was properly admitted into evidence." Response, Ex. 3, at 3.

In reaching this conclusion, the OCCA applied the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), for evaluating Sixth Amendment claims of ineffective assistance. Under this test, a habeas petitioner must first "show that counsel's performance was deficient." Id. at 687. To satisfy this prong, the petitioner must show that his or her attorney's performance "fell below an objective standard of reasonableness," or, in other words, that counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." Id. at 687, 688. There is a strong presumption that counsel acted reasonably, and counsel's performance will not be deemed deficient if it "might be considered sound trial strategy." Id. at 689.

Prejudice, under the second prong, is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

9

proceeding would have been different." Id. at 694. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. Finally, in applying Strickland "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." Id. at 697.

Petitioner's Sixth Amendment claim is based on the faulty premise that he had a reasonable expectation of privacy in the telephone conversations he conducted while he was detained in the Oklahoma County Detention Center. But no such expectation of privacy existed because (1) Petitioner was in custody and (2) Petitioner and the individual with whom he spoke were, as the OCCA found, "warned of monitoring" at the beginning of each phone conversation. Response, Ex. 3, at 2. As the Oklahoma County Sheriff's Department official testified at Petitioner's trial, every detainee's telephone conversations are routinely recorded, and every detainee is warned verbally and in writing that telephone calls are being recorded and monitored. The recorded telephone conversations that were introduced at Petitioner's trial each carried such a warning. See State's Exhibits No. 22, 25.

Petitioner's trial counsel was not deficient for failing to seek suppression of the outgoing telephone recordings made within the jail and Petitioner cannot show prejudice as a result of this decision[2] because any such motion would have been meritless. See United States v. Gangi, 57 Fed. App'x 809, 814 (10th Cir. 2003)(unpublished op.)("any expectation

---

[2]Petitioner's trial counsel stated at the close of the trial after the jury's verdicts had been entered that he chose not to challenge the search warrant based on the statements made by Petitioner during the jailhouse telephone recordings. TR vol. IV, at 54.

10

of privacy in outbound calls from prison is not objectively reasonable and . . . the Fourth Amendment is therefore not triggered by the routine taping of such calls")(internal quotation and citation omitted). Consequently, the OCCA's rejection of Petitioner's Sixth Amendment claim was not contrary to or an unreasonable application of <u>Strickland</u>'s controlling law. Further, to the extent Petitioner bases this claim on a violation of Oklahoma law, he has not stated a cognizable federal habeas claim. <u>See</u>, <u>e.g.</u>, <u>Smith</u>, 455 U.S. at 221 ("Federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). Petitioner is not entitled to habeas relief concerning this claim.

VII. <u>Sufficiency of the Evidence</u>

In his third ground for habeas relief, Petitioner asserts that the prosecution did not present sufficient evidence at trial to support the conviction for Trafficking in Illegal Drugs where there was no evidence that he had possession of the drugs seized during the search of someone else's home while he was in jail. Petitioner contends that the conviction based on insufficient evidence violated his rights under the due process clauses of the federal and Oklahoma Constitutions.

With respect to Petitioner's federal constitutional claim that the evidence cannot be deemed sufficient to have established his guilt beyond a reasonable doubt, the Supreme Court's decision in <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), provides the governing standard. Under <u>Jackson</u>, challenges to the sufficiency of evidence to support a conviction are decided under a highly deferential standard. <u>Id.</u> at 319. The question is "whether, after

11

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. The Court should presume the correctness of the factual findings by the OCCA unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

To demonstrate possession of drugs, the prosecution needed to present evidence that Petitioner had "knowingly [held] the power and ability to exercise dominion and control over [the drugs]." United States v. Massey, 687 F.2d 1348, 1354 (10th Cir. 1982). The OCCA found in Petitioner's appeal that "[a]ny rational trier of fact could find beyond a reasonable doubt based on [Petitioner's] statements in his jail telephone conversations that he knew about the drugs found at the home of his girlfriend's mother and that he had dominion and control over them." Response, Ex. 3, at 3. Thus, the court found "[t]he evidence was sufficient to sustain [Petitioner's] conviction for Trafficking in Illegal Drugs, After Former Conviction of Two or More Felonies." Id. at 4.

Having reviewed the evidence presented at Petitioner's trial and presuming the correctness of the OCCA's factual findings, the OCCA's decision in this respect was not contrary to or an unreasonable application of the prevailing Jackson standard. Petitioner's statements during his detention to Ms. Walker and Ms. Walker's mother clearly showed that he had the requisite dominion and control over the drugs found in the residence. With respect to Petitioner's additional claim that Oklahoma law was violated as a result of the insufficient evidence presented at his trial, he has not stated a cognizable federal habeas claim. See, e.g.,

Smith,, 455 U.S. at 221 ("Federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). Petitioner is not entitled to habeas relief concerning this claim.

VIII. Cumulative Errors and Prosecutorial Misconduct

In ground five of the Petition, Petitioner contends, as he did in his direct appeal, that cumulative trial errors and prosecutorial misconduct denied him due process under the federal and Oklahoma Constitutions. Again, to the extent Petitioner is alleging violations of Oklahoma law, he has not asserted a cognizable federal habeas claim.

The doctrine of cumulative errors means "that prejudice can be accumulated *disjunctively* - that all a defendant needs to show is a strong likelihood that the several errors in his case, when considered additively, prejudiced him." Grant v. Trammell, 727 F.3d 1006, 1026 (10th Cir. 2013). "In the federal habeas context, cumulative-error analysis 'aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless,' an analysis ... undertake[n] only if there are at least two errors." Fairchild v. Trammell, 784 F.3d 702, 724 (10th Cir. 2015)(quoting Lott v. Trammell, 705 F.3d 1167, 1223 (10th Cir. 2013)). See Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998)(cumulative error analysis "applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors").

The OCCA rejected this claim, finding that "[t]here are no errors, considered individually or cumulatively, that merit relief in this case." Response, Ex. 3, at 4. With

respect to Petitioner's related claims of an excessive sentence and prosecutorial misconduct, the OCCA concluded in a footnote that "the prosecutor's comments were not improper and [Petitioner] received the minimum sentence." Id. at 4 n. 2.

In this case, there are no errors of a constitutional magnitude. In his direct appeal, Petitioner pointed to one comment by the prosecutor during closing arguments at his trial in which the prosecutor addressed the testimony of Mr. Hansen, the police officer who listened to Petitioner's telephone recordings and obtained a search warrant based on those recorded conversations. Petitioner argued that "[t]his Court has determined that comments like this, where the prosecutor informs the jury of other evidence proving the defendant's guilt is improper and requires reversal." Response, Ex. 1, at 26.

In this claim, Petitioner does not allege that the prosecutor's argument directly affected a specific constitutional right. Under these circumstances, "[h]abeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998)(citing Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974)). This determination is made "only after considering all of the surrounding circumstances, including the strength of the state's case." Malicoat v. Mullin, 426 F.3d 1241, 1255 (10th Cir. 2005).

The prosecutor's statement properly commented upon evidence that had been presented to the jury, including the police officer's testimony that he had "listened to hundreds of hours of phone calls from [Petitioner]," that he "didn't play them all," but that the officer testified Petitioner was "referring to drugs, make no mistake about it." TR vol. III,

14

at 109. This statement did not render Petitioner's trial fundamentally unfair.

The OCCA's decision was not contrary to or an unreasonable application of controlling Supreme Court jurisprudence. Therefore, Petitioner is not entitled to habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by   October 3rd  , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    12th    day of   September  , 2016.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE