IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

REUBEN JULIUS INGRAM, III,           )
                                     )
            Petitioner,              )
                                     )
v.                                   )   Case No. CIV-16-316-D
                                     )
JOE M. ALLBAUGH, Director,           )
                                     )
            Respondent.              )

**O R D E R**

This matter comes before the Court for review of the Supplemental Report and Recommendation [Doc. No. 16] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied. Petitioner has filed a timely written objection. Thus, the Court must make a *de novo* determination of any portion of the Supplemental Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus with respect to a 2014 conviction of trafficking in illegal drugs and a 30-year prison sentence. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence on direct appeal. In the Supplemental Report and Recommendation, Judge Purcell conducts a careful examination of Petitioner's claims in light of Respondent's answer to the Petition and the relevant state court record, and finds: 1) the Fourth Amendment claims in

grounds one and four of the Petition are barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976); 2) the alleged violations of state law asserted in grounds one and four provide no basis for federal habeas relief; and 3) as to the claims in grounds two, three and five of the Petition (ineffective assistance of counsel, insufficient evidence, and denial of due process due to trial errors), Petitioner has not shown the OCCA's decision was contrary to or involved an unreasonable application of clearly established federal law. Judge Purcell thus concludes that Petitioner is not entitled to relief.

In his Objection, Petitioner reargues the merits of his federal constitutional claims, specifically, his claim in ground two of ineffective assistance of counsel and his claim in ground five of denial of due process. Liberally construing Petitioner's arguments due to his *pro se* status, the Court finds the only specific issues raised by the Objection, and presented for determination by the Court, concern the merits of Petitioner's second and fifth grounds for relief.[1]

Upon *de novo* consideration, the Court concurs in Judge Purcell's analysis. Petitioner asks the Court to find merit in his claims of constitutional error, but he fails to address the requirement for obtaining federal habeas relief under 28 U.S.C. § 2254(d). Under the circumstances of Petitioner's case, relief can be granted only if the state court's adjudication of a federal claim resulted in a decision that is "contrary to, or involved an unreasonable

---

[1] Under the Tenth Circuit's "firm waiver rule," further review of all other issues is waived. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).[2] The standards of decision in applying this statutory requirement are accurately stated in the Supplemental Report and Recommendation and need not be repeated. Simply stated, the Court must conduct a deferential review of the OCCA's decision.

Applying these standards to Petitioner's claims in light of the record, the OCCA's decision, and controlling case law, the Court finds that Judge Purcell is correct in his conclusion that Petitioner has not shown a basis for federal habeas relief. The Court cannot add meaningfully to Judge Purcell's discussion and, therefore, adopts the Supplemental Report and Recommendation in its entirety, as though fully set forth herein.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 16] is ADOPTED, and the Petition [Doc. No. 1] is DENIED. A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

---

[2] Because Petitioner's claims do not challenge a determination of facts by the state court, § 2254(d)(2) is not implicated.

issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 29th day of September, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE